# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 09cr3772 WQH |
| Plaintiff, | ORDER |
| vs. | |
| SERGIO GUZMAN-TORRES (1), JOSE JARAMILLO-MENDEZ (2), | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the motion (#104) to deny material witness depositions filed by Defendant Jose Jaramillo-Mendez and the objections to material witness deposition (#102) filed by Defendant Sergio Guzman-Torres.

## BACKGROUND

On September 22, 2009, three vans attempted to enter the United States from Mexico through lane three of the port of entry at San Ysidro. The Government alleges in the complaint that Defendant Sergio Guzman-Torres was the driver of one of the vans and that he accelerated in a reckless and dangerous manner in an attempt to run the port. The van contained twenty-five undocumented individuals from Mexico. The Government alleges that Defendant Jose Jaramillo-Mendez acted as the alien-smuggler.

Defendants were subsequently charged in a ten count indictment with four counts of Bringing in Illegal Aliens for financial gain in violation of 8 U.S.C. §1324(a)(2)(B)(ii), and

four counts of bringing in illegal aliens for presentation and aiding and abetting in violation of 8 U.S.C. §1324(a)(2)(B)(iii).  Defendant Guzman-Torres was charged with two counts of assault on a federal officer in violation of 8 U.S.C. § 111(a)(1) and (b).

Alberto Morales-Sanchez and Lorenzo Bautista-Romero were occupants of the van that Defendants were traveling in at the time of their arrest.  Morales-Sanchez and Bautista-Romero are citizens of Mexico without permission to be in the United States and were held as material witnesses.

On September 25, 2009, the Magistrate Judge appointed counsel for material witnesses Morales-Sanchez and Bautista-Romero.

On October 2, 2009, the Magistrate Judge set bail for Morales-Sanchez and Bautista-Romero at $5,000.00 personal security with ten percent cash deposit.  Morales-Sanchez and Bautista-Romero remain in custody unable to post bond.

On October 28, 2009, counsel for Morales-Sanchez and Bautista-Romero filed a motion to compel a videotaped deposition and to release the witnesses because of an inability to obtain release from custody on bond.

On November 12, 2009, depositions were ordered for material witnesses Morales-Sanchez and Bautista-Romero.  With the agreement of counsel for the material witnesses and for good cause shown, the depositions were continued by the Magistrate Judge to December 17, 2009, and to January 20, 2010.  After a hearing, the Magistrate Judge ordered the depositions continued to February 18, 2010.

On February10, 2010, the federal grand jury returned a twelve count Superseding Indictment. In addition to the charges in the indictment, the superseding indictment charged the Defendant Jaramillo-Mendez with two counts of attempted witness tampering which took place on December 30, 2009 in violation of 18 U.S.C. § 1512(b)(1).  Morales-Sanchez and Bautista-Romero are the subject of the witness tampering charges against the Defendant Jaramillo- Mendez.

On February 10, 2010, the Magistrate Judge arraigned the Defendants on the superseding indictment, held a status hearing regarding the material witness depositions, and

1 ordered a further status hearing for March 11, 2010.  At the same hearing, new counsel was
2 appointed for Defendant Guzman-Torres.

3 On February 25, 2010, Defendant Guzman-Torres moved to vacate the deposition order
4 for the material witnesses.

5 On March 15, 2010, this Court held a motion hearing regarding discovery.  This Court
6 set a further status hearing regarding discovery for April 28, 2010.

7 On April 1, 2010, the Magistrate Judge held a further hearing regarding the material
8 witness depositions and denied the motion to vacate the deposition order.  The Magistrate
9 Judge reset the deposition of the material witnesses for May 25, 2010.

10 On April 28, 2010, this Court held a further hearing on discovery matters.

11 On May 20, 2010, the Magistrate Judge held a hearing regarding the material witness
12 depositions and reset the deposition of the material witnesses for June 17, 2010.

13 On May 28, 2010, this Court held further hearing on discovery matters.  The Court set
14 the case for trial to commence on October 5, 2010.

15 On June 9, 2010, this Court held further hearing on discovery matters. At that hearing,
16 this Court vacated the material witness depositions set for June 17, 2010 finding that material
17 discovery was not completed.

18 On June 25, 2010, this Court held further hearing on discovery matters.

19 On July 9, 2010, Defendant Guzman-Torres filed an objection to the material witness
20 depositions.

21 On July 17, 2010, Defendant Jaramillo-Mendez filed the motion to deny material
22 witness depositions.

23 On July 23, 2010, this Court held a hearing on the material witness depositions.

24 On July 28, 2010, this Court held a hearing on conflict of material witness counsel and
25 appointed new and separate counsel for Morales-Sanchez and Bautista-Romero.  The Court
26 ordered new counsel to file any supplemental responses to the motion to deny material witness
27 depositions no later than August 18, 2010.  No additional materials were filed.

28

**ANALYSIS**

Defendants move the Court to vacate the order allowing depositions of material witnesses Morales-Sanchez and Bautista-Romero. Defendants contend that a deposition under the facts of this case cannot adequately secure the testimony of the material witnesses for trial. Defendants assert that critical investigation into the charges continues, and that the credibility of the witnesses is critical to the witness tampering charges. Defendants contend that the material witnesses are unlikely to return for trial if released after depositions, and that no showing of manifest hardship has been made by the witnesses.

18 U.S.C. § 3144 provides in part that "[n]o material witnesses may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." In *Torres-Ruiz v. United States District Court*, 120 F.3d 933 (9th Cir. 1997), the Court of Appeals concluded that the extraordinary relief of mandamus was justified in the case of "[t]he continued detention of [] material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering hardship as a result of [their] continued detention. *Id.* at 936. The Court of Appeals explained that "Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release. He must file a 'written motion' ... requesting that he be deposed. The motion must demonstrate that his 'testimony can adequately be secured by deposition,' and that 'further detention is not necessary to prevent a failure of justice.' Upon such showing, the district court *must* order his deposition and prompt release." *Id*. at 935, quoting *Aquilar-Ayala*, 973 F.2d 411 (5th Cir. 1992).

Depositions in a criminal case are authorized only where they are consistent with a defendant's constitutional rights. *See* Fed.R.Crim.P. 15. "Where testimonial evidence is at issue, ... the Sixth Amendment requires the unavailability of the witness and a prior opportunity for cross-examination." *Crawford. v. Washington*, 541 U.S. 36, 68 (2004). In order to provide an adequate opportunity for cross-examination, the Defendant must have full access to relevant discovery before any deposition is taken which may be used at trial. Under

1  the facts of this case, the depositions were necessarily delayed by the need for complete
2  discovery and changes in counsel. Defendants were initially indicted on October 14, 2009.
3  The charges in the indictment involved extensive discovery. On February 10, 2010 there was
4  a superseding indictment adding charges of witness tampering directly related to Morales-
5  Sanchez and Bautista-Romero. On the same day, Defendant Guzman-Torres was appointed
6  new counsel. The additional witness tampering charges required additional discovery. On July
7  28, 2010, new counsel was appointed for the material witnesses.

8  At no stage in this proceedings, has there been a declaration or other evidence
9  establishing "exceptional circumstances" in support of "extreme hardship." Fed.R.Crim.P.
10 15(a)(1); *Torres-Ruiz*, 120 F.3d at 936. With the firm trial date less than three weeks away,
11 this Court concludes that an order setting depositions at this stage could result in a failure of
12 justice. Defendants are facing significant charges. Morales-Sanchez and Bautista-Romero are
13 the only witnesses to the witness tampering charges. Under the facts of this case, the Court
14 concludes that the testimony of Morales-Sanchez and Bautista-Romero cannot be adequately
15 secured by deposition.

16 IT IS HEREBY ORDERED that the motion (#104) to deny material witness depositions
17 filed by Defendant Jose Jaramillo-Mendez is granted and the objections to material witness
18 deposition (#102) filed by Defendant Sergio Guzman-Torres are sustained.

19 DATED: September 7, 2010

**WILLIAM Q. HAYES**
United States District Judge